UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIUS HENDERSON,<br><br>       Plaintiff,<br> v.<br><br>JESS JAMISON, RICHARD KELLOGS, SUSAN DREYFUS and MARY L. JONES,<br><br>       Defendants. | No. C10-5802 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

  This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  ECF No. 6.  Before the court for review is Plaintiff's civil rights complaint. ECF No. 7.  After careful review, the court declines to serve the complaint because it is deficient.

**DISCUSSION**

  Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. However, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Henderson*, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, *Henderson v. Pacific Properties and Development Corp*., 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

ORDER TO AMEND OR SHOW CAUSE- 2

On the basis of these standards, Mr. Henderson has failed to state a claim upon which relief can be granted.  Mr. Henderson purports to bring this action on behalf of "the patient and non-convicted detainees involuntarily committed as psychiatric patients at Western State Hospital CFS Bldg."  ECF No. 6, p. 3.  However, pro se prisoners have neither the authority to represent anyone but themselves nor the competence to protect the interests of other prisoners as required by Fed. R. Civ. P. 23.  *See Russell v. United States*, 308 F.2d 98 (9th Cir.1962); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975).  Because Mr. Henderson proceeds *pro se,* he cannot represent a class.  To pursue claims on his own behalf, Mr. Henderson must file an amended complaint and must plead specific conduct that has been committed by a person or persons acting under color of state law that deprived him of a right, privilege or immunity secured by the Constitution.   Plaintiff must plead specific facts showing how and when and by whom he was harmed by that conduct.

Mr. Henderson purports to sue the individually named Defendants for non-compliance with "constitutionally and statutorily required standards under state, federal laws."  Mr. Henderson lists 23 complaints, but fails to describe how and when and by whom he was harmed by that conduct.  There are no factual allegations describing the conduct of any of the named Defendants and how those Defendants have caused harm and violated Mr. Henderson's constitutional rights.

Due to the deficiencies described above, the Court will not serve the complaint.  Mr. Henderson may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **December 24, 2010.**

ORDER TO AMEND OR SHOW CAUSE- 3

An amended complaint must set forth all of Plaintiff's factual claims, causes of action, claims for relief, and any exhibits. Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved

ORDER TO AMEND OR SHOW CAUSE- 4

in the denial of his rights.  The court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.  The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

If Mr. Henderson decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **December 24, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

**The Clerk is directed to send Mr. Henderson the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this  6th  day of December, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 5