UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIUS HENDERSON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>JESS JAMISON, RICHARD KELLOGS, SUSAN DREYFUS and MARY L. JONES,<br><br>　　　　　　　　Defendants. | No. C10-5802 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  February 18, 2010** |

　　This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* was granted on May 26, 2010.  ECF No. 4. Upon review of Plaintiff's civil rights complaint (ECF No. 7), the court found the complaint to be deficient and directed Plaintiff to show cause why the complaint should not be dismissed or to amend his complaint to state a cause of action under 42 U.S.C. § 1983. ECF No. 8. Plaintiff was given a deadline to amend or show cause by December 24, 2010. *Id.*  On January 4, 2011, the court extended that deadline at Plaintiff's request to January 21, 2011.  ECF No. 10.  Despite the extension, Plaintiff has not responded to the court's order.  The undersigned recommends that the action be dismissed without prejudice prior to service because Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 and for failure to comply with this court's order.

REPORT AND RECOMMENDATION - 1

# DISCUSSION

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief form a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.§ 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served pursuant to Fed. R. Civ. P. 4(c)(2).  *Lopez,* 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim"); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted).

REPORT AND RECOMMENDATION - 2

In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.   However, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Neither can the court supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Henderson*, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, *Henderson v. Pacific Properties and Development Corp*., 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

As currently plead, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.  To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

REPORT AND RECOMMENDATION - 3

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Neither a State nor its officials acting in their official capacities are "persons" under section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff purports to bring this action on behalf of "the patient and non-convicted detainees involuntarily committed as psychiatric patients at Western State Hospital CFS Bldg." ECF No. 6, p. 3.  However, *pro se* prisoners (or "non-convicted detainees") have neither the authority to represent anyone but themselves nor the competence to protect the interests of other prisoners as required by Fed. R. Civ. P. 23.  *See Russell v. United States*, 308 F.2d 98 (9th Cir.1962); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975).  Because Plaintiff is proceeding *pro se,* he cannot represent a class.  To pursue claims on his own behalf, Plaintiff must plead specific conduct that has been committed by a person or persons acting under color of state law that deprived him of a right, privilege or immunity secured by the Constitution and he must plead specific facts showing how and when and by whom he was harmed by that conduct.

Plaintiff purports to sue the individually named Defendants for non-compliance with "constitutionally and statutorily required standards under state, federal laws."  Plaintiff lists 23 allegations, but fails to describe how and when and by whom he was harmed by that conduct.  There are no factual allegations describing the conduct of any of the named Defendants and how those Defendants have caused harm and violated Plaintiff's constitutional rights.

REPORT AND RECOMMENDATION - 4

## CONCLUSION

Although he was given leave to amend, Plaintiff failed to respond to the court's order and failed to file an amended pleading stating a cognizable claim under 42 U.S.C. § 1983. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 18, 2011**, as noted in the caption.

DATED this  31st  day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5